WHITESBURG MUNICIPAL HOUSING
COMMISSION, etc., Appellant,

v.

C. B. CAUDILL et al., Appellees.

Court of Appeals of Kentucky.

June 28, 1963.

LeRoy W. Fields, Whitesburg, for appellant.

Stephen Combs, Jr., Whitesburg, for appellees.

CLAY, Commissioner.

This is an urban renewal condemnation proceeding brought under KRS 99.420. Appellant plaintiff filed a complaint on November 1, 1962, commissioners were appointed, and their report was filed December 18, 1962. Upon the filing of the report, pursuant to KRS 99.420(4), a summons was issued against the defendant appellees. This summons was incomplete.

Upon being notified orally of the defect in the summons by a relative of the defendants, plaintiff's attorney had a new summons issued January 10, 1963. At no time did the defendants file an answer or other pleading, or exceptions to the report of the commissioners. On January 15 plaintiff filed exceptions to that report on the ground the award was excessive. Subsequently defendants moved to strike the plaintiff's exceptions and the plaintiff moved to validate the exceptions. The trial court struck the exceptions, confirmed the award, and entered a judgment in conformity therewith.

█ Under KRS 99.420(6) the plaintiff was required to file exceptions to the report of the commissioners within 20 days after such report was filed on December 18. This it failed to do. The time is automatically extended under that subsection if the defendants file an answer or other pleading. Plaintiff first contends that the oral notification to it concerning the defective summons was tantamount to a pleading. This contention is absurd. It may be noted that the issuance or service of summons has nothing to do with the requirement that the plaintiff file its exceptions within 20 days

from the filing of the report and award of the commissioners.

■ Plaintiff next contends the court should have extended the time for filing exceptions under CR 6.02 because of excusable neglect. Assuming, without deciding, that the court could have properly extended this statutory time limit, plaintiff made no motion for such extension. Even assuming that such motion had been made, the court's ruling may be treated as a finding that plaintiff's neglect was not excusable. We cannot say it was.

The judgment is affirmed.